**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROBERT BRAGGS,** ) | |
| ) | |
| Plaintiff ) | |
| ) | **C.A.No. 08-239 Erie** |
| vs. ) | |
| ) | **District Judge McLaughlin** |
| **MRS. KIMBERLY FLATT, et al,** ) | |
| ) | **Magistrate Judge Baxter** |
| Defendants ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I    RECOMMENDATION**

It is respectfully recommended that Defendants' motion to dismiss [Document # 17] be granted. The Clerk of Courts should be directed to close this case.

**II    REPORT**

    **A.    Relevant Procedural History**

Plaintiff, a former federal prisoner, brought this civil rights action under 42 U.S.C. § 1983 alleging that his Fourth Amendment and Fifth Amendment rights have been violated. Plaintiff was incarcerated at FCI-McKean at the time he filed this action. Originally named as Defendants were: Case Manager Kimberly Flatt and Records Officer Penny Lundgren, both employees of FCI-McKean.[1]

The complaint reads:

---

[1] The Federal Correctional Institution and Federal Prison Camp at McKean do not appear as Defendants on the docket and do not appear on the face of the complaint. However, within the body of the complaint, "FCI and FPC McKean" is listed as a Defendant. Because the Clerk of Courts did not list it as a Defendant, no service of the complaint has been ordered as to it. However, the failure to include it as a Defendant on the docket has no bearing on the disposition of this case as Plaintiff has not exhausted this claim.

> 1) Mrs. Kimberly Flatt (Case Manger) at FPC McKean did write an incident report for my arrest, transfer and detention for escape for failing to report to the halfway house on Feb 13, 2008 at 4:30 pm, that she should have known was false. (This report was written 2/14/08 at 11:00 am and continued to July 14, 2008)
>
> 2) Mrs. Penny Lundgren (Records Officer) at FCI McKean did delete email from CCM's office addressing amendment of arrival date to halfway house and withheld such information which caused the inmate arrest and detention false charges (this offense happened on Feb. 13, 2008 - July 14, 2008)
>
> 3) FCI and FPC McKean for failing to properly manage the staff which cause my illegal arrest and detention from Feb 15. - July 14, 2008.

Document #1-2.[2]  As relief, Plaintiff seeks monetary damages for his false imprisonment from February 15 through July 14, 2008, and for "personal property loss."[3]

Defendants filed a motion to dismiss, or alternatively, for summary judgment on February 12, 2009. Document # 17.  Plaintiff has been granted several extensions of time in which to file a brief in opposition to the pending dispositive motion.  See Document # 20, 22, 25, 27, and 28.  Plaintiff was permitted a final extension of time which extended the time to August 1, 2009.  To date, Plaintiff has not file an opposition brief.

This motion is ripe for disposition by this Court.

B.   **Standards of Review**

1.   *Pro se* **Litigants**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail,

---

[2] Even liberally construing Plaintiff's allegations, there is no claim under the FTCA.

[3] "Personal property loss" is mentioned only tangentially and only as a claim for relief. There are no other references to the loss or confiscation of Plaintiff's personal property within the complaint.  Such a mere mention without any other factual averment fails to state a claim under Ashcroft v. Iqbal, ___, U.S. ___, 2009 WL 1361536 (2009).

it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2.     Motion to dismiss pursuant to 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, ___ 127 S.Ct. 2197, 2200 (2007); Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).   The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).   A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, ___ S.Ct. ___, ___ 2009 WL 1361536 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).   The court must accept as true all allegations of the complaint

3

and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 556, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 232, quoting Twombly, 550 U.S. at 556 n.3.

### 3.     Motion for summary judgment pursuant to Rule 56

Defendants have attached several exhibits to their respective pleadings. Therefore, this Court will convert the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir.1998). ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment."); Greer v. Smith, 2003 WL 1090708, *1 (3d Cir. (Pa.) 2003) ("the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary judgment motion,

allowing the plaintiff an opportunity for appropriate discovery and a reasonable opportunity to present all material made pertinent to the motion.").

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers

5

to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Company of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### C.   The favorable termination requirement of Heck v. Humphrey

The claims against Defendants Flatt and Lundgren should be dismissed pursuant to the favorable termination requirement of Heck v. Humphrey [512 U.S. 447 (1994)] and its progeny. In Heck, the Supreme Court held that a prisoner could not maintain a § 1983 action for damages under the civil rights laws if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. The Court has summarized this so-called "favorable termination requirement" by explaining that a "state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). See also Hill v. McDonough, 574 U.S. 73 (2006); Muhammad v. Close, 540 U.S. 749 (2004).

Further, in Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended Heck further by holding that a state prisoner's § 1983 action challenging a prison disciplinary sanction and seeking "money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable

6

under § 1983" unless the disciplinary sanction has been overturned or invalidated. 520 U.S. 641, 648.

Here, the underlying misconduct issued by Defendant Flatt has not been reversed or set aside. A finding by this Court that Defendants violated Plaintiff's constitutional rights to due process during the misconduct process would "necessarily imply the invalidity" of the misconduct. Plaintiff's action against Defendants Flatt and Lundgren is precluded by Heck and Balisok. Accordingly, Defendants' motion to dismiss should be granted in this regard.

### D. The Prison Litigation Reform Act

Defendants argue that Plaintiff has failed to exhaust his administrative remedies in accordance with the requirements of the PLRA.

#### 1. The Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id (emphasis added).[4]

---

[4] It is not a plaintiff's burden to affirmatively plead exhaustion. Jones v. Bock, 549 U.S. 199, 217 (2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the Supreme Court decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)). Instead, the failure to exhaust must be asserted and proven by the defendants. Ray, 285 F.3d at 295. In categorizing exhaustion as an affirmative defense, the Third Circuit outlined the underlying policy considerations: "... it appears that it is considerably easier for a prison administrator to show a failure to exhaust than it is for a prisoner to demonstrate exhaustion. Prison officials are likely to have [...] superior access to prison administrative records in comparison to prisoners. Prison officials and their attorneys can also readily provide the court with clear, typed explanations, including photocopies of relevant administrative regulations. *Pro se* prisoners will often lack even such rudimentary resources." Id.

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002). See also Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[5] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion"). The Third Circuit has made clear that there is no "futility" exception to the administrative exhaustion requirement. Banks v. Roberts, 2007 WL 3096585, at * 1 (3d Cir.) citing Nyhuis, 204 F.3d at 71 ("[Plaintiff's] argument fails under this Court's bright line rule that 'completely precludes a futility exception to the PLRA's mandatory exhaustion requirement.'").[6]

The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 83; see also Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004)

---

[5] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that §1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

[6] See also Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Indeed, as we held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process.").

(utilizing a procedural default analysis to reach the same conclusion) (" Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

### 2)      The Administrative Process Available to Federal Inmates

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to federal inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'  The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones, 549 U.S. at 218.

The Bureau of Prisons has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (1997). First, "an inmate shall ... present an  issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a).   Second, if an inmate at an institution is unable to informally resolve his complaint, he may file "a formal written Administrative Remedy Request [to the Warden], on the appropriate form (BP-9), [within] 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a).   The warden has twenty (20) days in which to respond. 28 C.F.R. § 542.18. An inmate who is not satisfied with the warden's response may submit an appeal, on the appropriate form (BP-10), to the appropriate Regional Director within twenty (20) calendar days from the date the warden signed the response.  28 C.F.R. § 542.15(a). An inmate who is not satisfied with the Regional Director's response may submit an appeal, on the appropriate form (BP-11), to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. Id. The Regional Director has thirty (30) days

9

and the General Counsel has forty (40) days to respond. 28 C.F.R. § 542.18.

### 3)   Analysis as to the "failure to manage staff" claim

Defendants have provided evidence of Plaintiff's use of the grievance system as it pertains to the claims made in this lawsuit.

According to the evidence of record, Plaintiff did not file any grievance specifically complaining about the failure to manage staff.  However, one grievance can be liberally construed to imply such a claim.  On July 14, 2008, Plaintiff filed Grievance 501321 complaining:

> At this time, I'm requesting that a full investigation be done on Mrs. Lundgren in the record office based on the false response given to the 8 I filed on 7-1-2008. In this matter, it was asked of her [sic] was there an amendment to my arrival date and she replied to her knowledge my arrival date was never amended.   This reply by Mrs. Lundgren is false, where on July 10, 2008 she confessed to receiving a [sic] email on Feb. 13, 2008 addressing a change in my arrival date and therefore, it is respectfully requested that a full investigation e conducted into this matter.

Document # 18-2, page 15.  Plaintiff did not fully exhaust the administrative remedy process as to this grievance as he did not appeal the Regional Office's Response to the Bureau of Prisons Office of General Counsel.  Document #18-2, page 4, Declaration of Donna Jones, Bureau of Prisons Paralegal Specialist, ¶ 7(a)(ii-iii).[7]  Plaintiff has provided no evidence to the contrary as he must in the face of a motion for summary judgment.

Accordingly, the motion for summary judgment should be granted as to the failure to manage claim.

---

[7] Additionally, on November 11, 2008, Plaintiff filed grievance 508802 appealing the Incident Report 1699528 charging him with Escape.  Plaintiff did not appeal the Regional Office's Response to the Office of General Counsel.  Id. at page 5, ¶ 7(c)(i-ii).  This grievance cannot be construed to raise any issue regarding the failure to supervise or manage staff.

10

**III     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss [Document # 17] be granted. The Clerk of Courts should be directed to close this case.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187(3d Cir. 2007).

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: August 3, 2009